Shackelford, J.,
delivered the opinion of the Court.
This is an action brought on a bond executed by Larkin Webb, Calvin Webb, with Jasper Webb as their security, given as required by law, in obtaining license for the retail of spiritous liquors, in the County of Monroe, dated on the 8th of September, 1859.
The declaration is in the usual form. One of the terms and conditions of the bond is, that they would keep a peaceable and orderly house. The breach assigned, is, they did not keep an orderly and peaceable house, but kept a disorderly house. The plaintiffs in error, plead covenants performed, and the issue was submitted to a jury at the September Term, 1860. The only evidence offered, was the license to retail li *201 quors, the record of the conviction of Larkin Webb, one of the plaintiffs in error, for keeping a disorderly house, and proof that he was the person convicted.
The record shows, the indictment was found on the 4th of September, 1859. He was arraigned, plead “not guilty,” to the indictment, and put upon his trial, which resulted in his conviction, and he was fined twenty-five dollars. The Court instructed the jury, “if the evidence introduced, Satisfied them that Larkin and Calvin Webb, procured a license from the Clerk of the County Court of Monroe County, to retail spiritous liquors, and while engaged in retailing under said license, one of the plaintiffs in error, Larkin Webb, was indicted in the Circuit Court of Monroe County, before this suit was brought, and convicted of keeping a disorderly house, the State would be entitled to recover the amount of the bond sued on in this case; that the verdict of a jury, and judgment of the Court, which had been read to the jury, were sufficient to make out a prima facie case of keeping a disorderly house.”
A verdict and judgment was rendered against the plaintiffs in error, for the amount of the bond. A new trial was moved for; which motion was overruled, and an appeal in error, to this Court.
The question presented for our consideration, is: Can the - judgment rendered in the criminal prosecutions against Larkin Webb, be given in evidence, in this suit to establish the fact upon which it was rendered? Greenleaf, in his work on Evidence, vol. 1, sec. 537, says: “As a general rule, a verdict and judgment in a criminal case, cannot be given in evidence in a civil *202 suit, to establish, the fact upon which it was rendered, for the reason, if the defendant was convicted, it may have been upon the evidence of the very plaintiff in the civil action; and if he was acquitted, it may have been by collusion with the prosecutor. But, besides this, and upon more general grounds, there is no mutuality; the parties are not the same, neither the rules of decision in the course of proceeding the same.1'’
We recognize the principle as correct, and there seems to be little or no diversity of opinion among modern writers on evidence, on this point. But, we think the principle is not applicable to the case before the Court. The plaintiffs in error, Larkin Webb and Calvin Webb, as a condition precedent for the privilege of retailing spiritous liquors, had executed the bond in suit, with Jasper Webb as their security. Larkin Webb was indicted and convicted of keeping a disorderly house. The suit was in.the name of the State, for a violation of the criminal law. This suit is brought by the State against Larkin, Calvin and Jasper Webb, as security. As between Larkin Webb and the State, the parties are, in both civil and criminal cases, the same. There is a mutuality. Larkin Webb cannot complain; he was present, had an opportunity to cross-examine the witnesses, to adduce testimony, and to reverse the judgment, if erroneous, and the reason of the rule does not apply. Jasper Webb, the surety, though no party to the criminal prosecution, being on the bond, is a privy, and the record of the conviction is prima facie evidence against him.
This Court held, in the case of Atkins vs. Bailey *203 et al., 9 Yerger, 111, “a judgment by confession of principal, or upon the testimony of witnesses, in the case of a constable and his sureties, is evidence against the sureties, but is not conclusive; that they may prove or establish such facts as show the principal was not liable.” This principle appears to have undergone discussion and been settled in many of the Courts of the different States. In Carnack vs. The Commonwealth, 5 Burney, 134, it was decided, that a judgment in an action against the Sheriff alone, of which the sureties had no notice, was prima facie evidence of an amount of damages in a subsequent suit upon a recognizance against the Sheriff and his securities, but not conclusive.
In Virginia, a wide range has been given to the judgment against the principal, and it seems there to have been allowed as prima facie evidence upon all points established' by it: 2 Randolph, 313. The same principle was settled in Ohio: 3 Haman, 487.
We are of opinion, that the judgment of conviction, of Larkin Webb, was prima facie evidence against him and his surety, Jasper, and there was no error of the Court, in the instructions to the jury, as to Larkin and Jasper Webb. But a very different rule is applicable to Calvin Webb. Though he was indicted, he was not tried, and from anything appearing in the record, he may have been discharged, or he may have sold his interest before the finding of the indictment. He may have been present and could not prevent the action of the parties in creating the disturbance that produced the conviction of Larkin Webb. As to Calvin Webb, upon the plainest principles of the law, the record is not *204 evidence, and the Court erred in instructing the jury it was prima facie evidence as to him, the judgment being erroneous as to Calvin Webb. What is the legal effect as to Larkin and Jasper ? Previous to the Act of 1851, chap. 2, a judgment void as to one, was void as to all. The provisions of this Act are carried into the Code, and embraced in section 4516, which provides that no judgment shall be reversed in the Supreme Court, unless for some error which affects the merits of the judgment, decision or decree complained of. This Court held, in the case of Bentley vs. Huxthall, 3 Head, 378: “The rule, that a judgment is an entire thing, and therefore void as to one party, cannot be allowed to stand as to any of the other parties, is purely a technical one. A judgment may be correct as to one, and altogether erroneous as to another, joint party.” This case is decisive of this point. The judgment against Larkin Webb and Jasper Webb, is correct and valid, but is erroneous as to Calvin Webb.
It follows, therefore, the judgment against Larkin and Jasper Webb will be affirmed, and reversed as to Calvin Webb ; and the cause remanded, as to him, and a new trial awarded.